J. R. Swan, J.
The jurisdiction of a justice of the peace under the water-craft law, is derived from the express provisions of that law, and not from the general law relating to jurisdiction and to common-law actions. The proceedings under the water-craft law are special in their nature, being in rem, and spend all their force upon the property against which the suit is brought.
The repeal of the general law of 1831, relating to the jurisdiction of justices, could not and did not affect the jurisdiction of justices under the water-craft law; and the substitution of another code, in place of that general law, could not, by implication, repeal or modify the seventh section of the water-craft law, inasmuch as there is no conflict or inconsistency in justices being clothed with jurisdiction in cases where an action is brought to recover an indebtedness of three hundred dollars; and limiting their jurisdiction to a different amount in cases of replevin (Swan’s Rev. Stat. 520, sec. 139), trespass (Ib. 501, sec. 4), actions on certain undertakings (Ib. 502, sec. 6), and in suits against water-craft.
In an action to subject a steamboat or canal-boat to sale for debts of one hundred dollars or less, in general, the debts would be paid without a sale; but for debts of three hundred dollars *and less, frequent sales would probably be made; and justices of the peace would be called upon to exercise jurisdiction in the nature of admiralty, and to condemn, and, upon notice in the township, cause to be sold property worth ma.ny thousand dollars. The subject-matter of the proceedings, and the importance of the interests involved, would seem to as urgently require a limitation upon jurisdiction in such cases, as in an action of replevin, involving the *238 ownership of personal property, or an action of trespass, involving an injury to real estate. There is nothing, therefore, in the nature of the subject that would demand, by construction, an implied repeal or amendment of the water-craft law. The justices’ code relates to general jurisdiction and practice.
The water-craft law directs a special proceeding and a peculiar remedy, and itself confers and limits jurisdiction. Without bringing the constitutional provision relating to the repeal of amendatory laws (Const., art. 2, sec. 16), to operate upon the question before us, and upon the construction of which we express no opinion, the settled common-law rules relating to the repeal of statutes by implication, brings us to the conclusion, that the seventh section of the water-craft law is not, by implication, affected or repealed by the amendment of the justices’ code.

Judgment of common pleas reversed.

Bartley, C. J., and Brinkerhoee, Scott and Sutliee, JJ., concurred.